Judge Roane
pronounced the following opinion of the Court:
“ The Court, in considering the decree as to the first of these causes, is of opinion that, although there may not have been any previous request to the appellee William Bernard, to invest her share of the personal estate of John Hi/ikins, deceased, in mortgages or real securities, and although that course, by postponing the day of payment to a distant lime* *92 might, in that view, have been inconvenient, if not prejudicial to her, yet that day having now past, and she having assented to, if not ratified, the course thus adopted by the said appellee in this particular, except as to the allowance of commissions ; and this course having been very beneficial to the estate, not only by making the payment of the principal money more secure, but also by causing the interest, due upon the bonds and other securities at the time of such investment, also to bear interest; and this operation, of which the appellant will receive the full benefit, being more favourable to her than decreeing her her quota of the estate with interest in the usual manner ; the Court is of opinion that a moiety of the mortgages, or other securities, thus taken by the said appellee, should be assigned to the said appellant on occount of her quota of the estate of her deceased husband, after deducting the advances already actually made to her ; and that the said appellee should be allowed the usual commission of five per centum upon the mortgages, or other securities, taken by him as aforesaid ; (those hereby decreed to the appellant also included ;) and that this allowance shall equally apply to money received by him, and invested in mortgages, as to bonds which were so invested without an actual previous receipt of the money due thereon.”
“ The Court is also of opinion, that a like commission should be allowed the said appellee upon the sales of the crops of the estate of John Hifikins., deceased, made by him, and the proceeds whereof were received and accounted for by him, or invested in mortgages or other securities as aforesaid.”
“ The Court is also of opinion, that a like commission should be allowed the said appellee upon the money found in the house at the death of John Hifikins, the testator, and which is proved to have been disbursed by him for the use of the family, or invested in bank stock. As to the part thereof said to have been appropriated by the said appellee to his own use, it is neither shewn to have been so appropriated, nor could money, under such circumstances, be so appropriated by an Executor, until the state of the assets *93 was fully ascertained, so as to justify such appropriation ; and, in the mean time, the money remains at his risque.”
« With respect to the claim for the rent of a counting-room, expenses and postages, as also for the sum allowed by the Court of Chancery, in part of the salary agreed to be given to the clerk, Benjamin W. Coleman, the Court is of opinion that, while the commission of five per centum is, in general, to .be in full for all charges of this character, yet the said appellee, William Bernard, in this case, having also attended to the management of the plantations of John Hip-kins the testator, which was probably attended with considerable trouble to him, and the charges in question being inconsiderable when compared with the magnitude of the estate to which they related, the Court is of opinion, that under these circumstances, the said charges ought to be allowed the said appellee, in addition to the commission hereby also allowed and provided for.”
“ As to the bills transmitted to John Reynolds, in London, by John Hipkins in his lifetime, the Court is of opinion, that no commission is due the said appellee thereupon ; — but that, as to any further or ulterior sum, which may have been paid and remitted to the said Reynolds, by the said appellee, he is entitled to, and should be allowed the like commission of five per centum thereupon.”
“ With respect to the decree as to the second of these causes, in which the appellant William Bernard asserts a claim under the co-partnership of 1789, the Court is of opi nion that, under the testimony in this cause, tending to shew, that the Port-Conway estate was given to him in lieu of his interest therein, corrobated by the seeming dereliction of this claim by the appellant,until after the death of John Hip-kins and his clerks, and until, also, the appellant was exaspe rated, and probably excited to set it úp, by the course adopted and pursued against him by the appellee, Mrs. Hipkins;— that claim, under these circumstances ought not now to be set up or sanctioned.”
“ On these grounds, the Court is of opinion that the said decree, so far as it conflicts with the principles and provisions *94 now declared, is erroneous ; and that there is no error in the residue thereof. Therefore, it is decreed and ordered, that so much of the said decree, as is before mentioned to be erroneous, be reversed -and annulled ; that the residue thereof be affirmed ; that the appellant in the first suit, pay to the appellees in that suit, being the parties substantially prevailing, their costs by them about their defence in this behalf expended : and that the appellant in the second suit pay to the appellees in that suit, their costs by them about their defence in this behalf expended. And it is ordered that the first cause be remanded to the said Court of Chancery to be finally proceeded in pursuant to this decree.